### DICKSON *v.* BOLAND.

*Lessor is an incompetent witness for lessee, in an action for obstructing him in using a right of way to repair a dam, part of the demised premises.*

IN error from the District Court of Crawford county.

*Sept.* 28.    This was an action on the case for obstructing a right of way, which the plaintiff averred he, and those whose estate he held, had the right to use for the purpose of repairing a dam, part of the demised premises.

The witness mentioned in the statement of the case, in the opinion of the court, proved that he had purchased the right of way.

There were no express covenants by the lessor relating to the matters involved here, nor was this right of way described otherwise than by the word appurtenances.

The facts of the case will be found in the opinion of the court here.

*Derrickson* and *Riddle,* for plaintiff in error.—The establishment of a right of way rested on the plaintiff.    Can the landlord prove such a right for his tenant, when he is liable in damages if such a right does not exist?    Without it the tenant could not repair, as under his covenant he was bound to do.    He is interested in the consequences of this suit, Bennett *v.* Hethington, 16 Serg. & Rawle, 195, or he might, as landlord, have sued, for .the injury was to his reversion.    Ripka *v.* Sergeant, 7 Watts & Serg. 9; Beidleman *v.* Foulk, 5 Watts, 308 ; Teynham *v.* Tyler, 6 Bing. 390, (19 E. C. L. R. 111 ;) Smith *v.* Chambers, 4 Esp. 164 ; Com. Land. and Ten. 172, (6 Law Lib.)

*Pearson* and *Farrelly,* contrà.—The right was a personal one, not affecting the freehold ; nor could this verdict be used for or against him at any time.    The lessee was bound to pay his rent and keep the dam in repair on that side, whatever might happen.

*Oct.* 2.    BURNSIDE, J.—This is an action on the case, in which Boland and David, the plaintiffs below, who were the tenants of William Magaw, claimed damages from Dickson for attempting to exclude them from connecting and maintaining their dam, with a permanent bank on the land on the west branch of French Creek. The plaintiffs gave in evidence a deed from Dickson to Magaw, dated in October, 1838, for his mills and fourteen acres of land.    Then

gave in evidence a lease, dated the 3d July, 1841, from Magaw to Boland, whereby the premises were demised to him for ten years, at the rent of $300 per annum. Magaw was to keep up the eastern, and Boland the western half of the dam. Magaw reserved the right of selling the premises at any time, but compensating Boland for his improvements. After the lease was read, plaintiff called Magaw as a witness; objected to as *incompetent;* admitted and defendant excepted. This is the only error assigned in the case.

The right to improve, maintain, and connect the dam with the high bank on the Dickson side of the creek was more the interest of Magaw than Boland.

The law laid down by Chief Baron Gilbert is, "The law looks upon a witness as interested when there is a certain benefit or disadvantage to the witness attending the consequence of the cause one way." Gilbert's Evid. 225. Magaw had a direct benefit in keeping up the dam. He had demised the premises for ten years. To insure his rent, his lease compelled him to see that the tenant had quiet and proper enjoyment of the demised premises. If the dam was not properly maintained, and the landlord was bound to keep up the eastern half, the property leased was of little value.

It has been held, in trespass, to prove title in the lessee of premises; the lessor was an inadmissible witness. 4 Esp. Rep. 164. A remainder-man, after tenant in tail, is not a competent witness for the tenant in tail in ejectment for the entailed property. 6 Bing. 390. An executor brings an action for a debt due to his testator's estate; the residuary legatee is not a competent witness. Cases frequently arise, in which the witness is rejected, not because the verdict would be evidence for or against him in a future action, but on account of the immediate benefit or injury he would receive by the determination of the very case itself. Doe on the demise of Lord Teynham *v.* Tyler, 6 Bing. 390, (19 E. C. L. R. 112.)

Judgment reversed, and a *venire de novo* awarded.